# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

**ROBERT RIVERNIDER,**
Petitioner,

v.

**WARDEN, FCI BECKLEY SATELLITE CAMP,**
Respondent.



5:26-CV-00459

Case No. _____

## EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AND IMMEDIATE RELEASE OR HOME CONFINEMENT

Petitioner Robert Rivernider respectfully moves for emergency injunctive relief in connection with his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.

Petitioner seeks a preliminary injunction requiring the Bureau of Prisons to immediately recalculate his sentence by aggregating the approximately 80 months already served after the May 14, 2020 compassionate-release modification with the 36 months imposed after supervised-release revocation.

Petitioner further requests immediate release or, alternatively, immediate placement in prerelease custody or home confinement if the corrected computation shows that he is within six months of the lawful end of sentence.

This motion is narrow. Petitioner does not challenge the validity of the revocation judgment here. He challenges only the BOP's execution and computation of his sentence.

1

The original District of Connecticut sentence was modified on May 14, 2020 to time served, approximately 80 months. The sentence was modified again after supervised-release revocation by adding 36 months. These are modifications of the same sentence, not separate independent sentences.

The BOP is treating the 36-month revocation imprisonment as a new sentence beginning December 12, 2025. That computation fails to aggregate the sentence and improperly delays Petitioner's release and home-confinement eligibility.

Petitioner is likely to succeed on the merits because Supreme Court precedent recognizes that supervised-release revocation imprisonment is attributable to the original conviction and sentence. Johnson v. United States, 529 U.S. 694 (2000); Mont v. United States, 139 S. Ct. 1826 (2019). Lower courts must follow directly controlling Supreme Court precedent. Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484 (1989); Cooper v. Aaron, 358 U.S. 1, 18 (1958).

Petitioner will suffer irreparable harm absent emergency relief because continued unlawful incarceration cannot be remedied after the fact. The loss of freedom, even for minimal time, constitutes irreparable injury. Elrod v. Burns, 427 U.S. 347, 373 (1976).

The balance of equities favors relief because Petitioner seeks only a lawful sentence computation and immediate application of the correct release and home-confinement rules. The public interest is served when federal sentences are executed according to law.

Petitioner respectfully requests that this Court:

2

1. Grant emergency preliminary injunctive relief;

2. Order the BOP to immediately aggregate the approximately 80 months already served with the 36-month revocation imprisonment;

3. Order the BOP to immediately recalculate Petitioner's projected release date;

4. Order immediate release if the corrected computation shows the custodial sentence has been satisfied;

5. Alternatively order immediate prerelease custody or home-confinement consideration if Petitioner is within six months of the corrected end of sentence; and

6. Deny any request for delay or extension absent extraordinary circumstances.

Respectfully submitted,

/s/ Robert Rivernider
Robert Rivernider
Petitioner, pro se

Reg. No. 96006-004
FCI Beckley Satellite Prison Camp
P.O. Box 350
Beaver, WV 25813

Date: July 6, 2026

3