**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**ROBERT RIVERNIDER,**

      **Petitioner,**

**v.**                                       **Case No.: 5:26-cv-00459**

**WARDEN, FCI BECKLEY
SATELLITE CAMP,**

      **Respondent.**

## ORDER

Pending before the Court is a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No. 1), Petitioner's Emergency Motion for Preliminary Injunction and Immediate Release on Home Confinement, (ECF No. 5), and Motion for Expedited Consideration, (ECF No. 6). Petitioner has also filed a Memorandum of Law in support of his Petition, (ECF No. 3), and a Memorandum of Law Regarding Exhaustion of Administrative Remedies, (ECF No. 4). The undersigned addresses Petitioner's motion for injunctive relief, (ECF No. 5), in a separate Proposed Findings and Recommendations filed contemporaneously herewith.

Concerning Petitioner's Memorandum of Law Regarding Exhaustion of Administrative Remedies, the Court notes Petitioner argues that exhaustion of his administrative remedies should be excused because pursuit of such remedies would be futile. (ECF No. 4). The Court **FINDS** that Petitioner's arguments concerning exhaustion are more appropriately considered in connection with the merits of the Petition. Accordingly, it is hereby **ORDERED** that Petitioner's Memorandum Regarding

Exhaustion of Administrative Remedies, (ECF No. 4), be construed as a Supplement to the Petition.

Turning next to Petitioner's motion for expedited consideration of his Petition, (ECF No. 6), the Motion is **DENIED**. Habeas petitions are generally considered in the order in which they are filed unless there is a pressing reason to expedite one. Although Petitioner contends that the Bureau of Prisons has incorrectly calculated his sentence and that the alleged error affects his eligibility for prerelease custody, the Court **FINDS** that Petitioner has failed to demonstrate sufficient cause to warrant expedited consideration at this stage of the proceedings. The Court is contemporaneously directing Respondent to answer the Petition and show cause why the requested writ should not be granted, as addressed below.

Finally, Petitioner has paid the requisite filing fee. (ECF No. 2). Accordingly, Respondent is hereby **ORDERED** to answer or otherwise respond to the Petition, (ECF No. 1), as supplemented by Petitioner's Memorandum of Law, (ECF No. 3), and Memorandum Regarding Exhaustion of Administrative Remedies, (ECF No. 4), within **sixty (60) days** of the entry of this Order, showing cause, if any, why the relief sought by Petitioner should not be granted. The answer should, insofar as possible, respond to the issues raised and **shall include** any available records that would facilitate determination of the issues.

Petitioner may, if he wishes, file a reply to the answer or response of the Respondent within **sixty (60) days** after service of same by the Respondent. Petitioner shall, if he files any further documents in this case, mail copies of such documents to the United States Attorney for the Southern District of West Virginia, 300 Virginia Street East, Room 4000, Charleston, West Virginia 25301, with a certificate of service attached.

**Petitioner is also responsible for notifying the Clerk of Court of any change in his address or other contact information.** Failure to do so may result in dismissal of the Petition.

The Clerk is instructed to provide a copy of this Order to Petitioner and a copy of the Order, the Petition for a Writ of Habeas Corpus, the memorandum filed in support thereof, and the memorandum regarding exhaustion of administrative remedies, (ECF Nos. 1, 3, 4), to the United States Attorney for the Southern District of West Virginia.

**ENTERED:** July 21, 2026



Omar J. Aboulhosn
United States Magistrate Judge