**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**ROBERT RIVERNIDER,**

      **Petitioner,**

**v.**                                                              **Case No.: 5:26-cv-00459**

**WARDEN, FCI BECKLEY
SATELLITE CAMP,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Petitioner Robert Rivernider is a federal inmate currently incarcerated at the Federal Correctional Institution Beckley Satellite Camp ("FCI Beckley Satellite Camp") within this judicial district. *See* Federal Bureau of Prisons Inmate Locator, available at https://www.bop.gov/inmateloc, BOP Register Number 96006-004 (last accessed July 16, 2026). On July 13, 2026, Petitioner, acting pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and, by standing order, has been referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Currently pending is Petitioner's Emergency Motion for Preliminary Injunction and Immediate Release on Home Confinement, (ECF No. 5), and Motion for Expedited Consideration, (ECF No. 6). Petitioner has also filed a Memorandum of Law in support of his Petition, (ECF No. 3), and a Memorandum of Law Regarding Exhaustion of Administrative Remedies, (ECF No. 4). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Petitioner's Motion for Preliminary Injunction and Immediate Release on Home Confinement. (ECF No. 5). The

1

undersigned addresses Petitioner's remaining motion and filings in a separate order filed contemporaneously herewith.

## I.    **Factual and Procedural History**

In his Petition, Petitioner challenges the Bureau of Prisons' ("BOP") computation of his federal sentence. (ECF No. 1). Specifically, Petitioner alleges that the BOP has improperly calculated his sentence by failing to correctly apply the terms of his federal judgment, resulting in an incorrect projected release date and affecting his eligibility for prerelease custody. (*Id.*). Petitioner further contends that he should not be required to exhaust his administrative remedies because pursuit of those remedies would be futile. (ECF No. 4).

As stated herein, contemporaneously with his Petition, Petitioner filed a Memorandum of Law in Support of his Petition, (ECF No. 3), a Memorandum of Law Regarding Exhaustion of Administrative Remedies, (ECF No. 4), an Emergency Motion for Preliminary Injunction and Immediate Release on Home Confinement, (ECF No. 5), and a Motion for Expedited Consideration. (ECF No. 6). In his motion for preliminary injunctive relief, Petitioner requests that the Court order the BOP to immediately recalculate his sentence and place him on home confinement or other prerelease custody pending resolution of his § 2241 petition. (ECF No. 5).

By separate Order entered this same day, the undersigned construed Petitioner's Memorandum Regarding Exhaustion of Administrative Remedies as a Supplement to the Petition, denied Petitioner's Motion for Expedited Consideration, and directed Respondent to answer or otherwise respond to the Petition. Accordingly, the sole issue presently before the Court is whether Petitioner has established entitlement to the extraordinary remedy of preliminary injunctive relief.

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain preliminary injunctive relief, the movant must demonstrate each of the following four elements: "(1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest." *Sorenson v. Stevanus*, No. CIV.A. PWG-15-1653, 2015 WL 3953934, at *4 (D. Md. June 26, 2015) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "The [movant] bears the burden of establishing that these factors favor granting the injunction." *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997) (citing *Direx Israel, Ltd.,* 952 F.2d at 812).

Because a preliminary injunction is an extraordinary remedy, it "may only be awarded upon a clear showing that the [movant] is entitled to such relief." *Winter,* 555 U.S. at 22. The court may not issue such relief "simply to eliminate a possibility of a remote future injury." *Kates v. Packer*, No. 3:CV-13-1525, 2014 WL 1218905, at *3 (M.D. Pa. Mar. 24, 2014) (quoting *Holiday Inns of Am., Inc. v. B & B Corp.,* 409 F.2d 614,618 (3d Cir. 1969)). Instead, the irreparable harm alleged by the movant must be "actual and imminent, not merely speculative … The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat.'" *Id.* (citations omitted); *see, also, Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) ("Moreover, the required 'irreparable harm' must be 'neither remote nor speculative, but actual and imminent.'") (quoting *Tucker Anthony Realty Corp. v. Schlesinger,* 888 F.2d 969, 975 (2d Cir. 1989)).

### III.    Discussion

As stated herein, Petitioner requests an emergency preliminary injunction directing the Bureau of Prisons ("BOP") to immediately recalculate his sentence and release him to home confinement or other prerelease custody pending resolution of his § 2241 petition. (ECF No. 5). For the reasons that follow, the undersigned respectfully **RECOMMENDS** the presiding District Judge **DENY** Petitioner's request. (*Id.*).

"The purpose of . . . a preliminary injunction is to 'protect the status quo and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits.'" *J.O.P. v. U.S. Dep't of Homeland Sec.*, 409 F. Supp. 3d 367, 375–76 (D. Md. 2019) (citation omitted). A preliminary injunction is an extraordinary remedy that is awarded sparingly and only upon a clear showing that the movant is entitled to such relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the movant must establish **all four** of the following elements: (1) that he or she is likely to succeed on the merits, (2) that he or she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his or her favor, and (4) that a preliminary injunction is in the public interest. *Id.* at 20.

In considering a request for such relief, the court must first determine whether the movant has made a strong showing of irreparable harm if the preliminary injunction were to be denied; in other words, the harm at issue must be "neither remote nor speculative, but actual and imminent" in the absence of relief. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991). "In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances." *Kelly v. Hill*, No. ELH-20-2531, 2021 WL 3055615, at *17 (D. Md. July 19, 2021) (citing *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994)).

4

Here, although Petitioner contends that the BOP has improperly calculated his sentence and that the alleged error has affected his eligibility for prerelease custody, Respondent has not yet had an opportunity to respond to Petitioner's allegations or produce Petitioner's sentence computation records or any other documentation necessary for the Court to evaluate Petitioner's claims. Consequently, the present record is insufficient to permit the Court to conclude that Petitioner has made the clear showing necessary to warrant the extraordinary remedy of preliminary injunctive relief.

Furthermore, Petitioner has failed to establish that he will suffer actual and imminent irreparable harm absent immediate injunctive relief. While Petitioner asserts that the BOP's alleged sentence miscalculation may affect the timing of his prerelease custody, his allegations, standing alone and without the benefit of a response from Respondent or the relevant administrative record, do not establish that he faces actual and imminent irreparable harm absent immediate judicial intervention.

Accordingly, upon consideration of the current record, the undersigned **FINDS** that Petitioner has failed to satisfy his burden under *Winter* of making a clear showing that preliminary injunctive relief is warranted. Therefore, the undersigned respectfully **RECOMMENDS** that Petitioner's Emergency Motion for Preliminary Injunction and Immediate Release on Home Confinement, (ECF No. 5), be **DENIED**.

## IV.     Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the foregoing findings be confirmed and adopted and **RECOMMENDS** that the presiding District Judge **DENY** Petitioner's motion for a preliminary injunction. (ECF No. 5).

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Volk, and Magistrate Judge Reeder.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** July 21, 2026



Omar J. Aboulhosn
United States Magistrate Judge

6