**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

FILED
AUG 21 2026
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**ROBERT RIVERNIDER,**
Petitioner,

v.

**Civil Action No. 5:26-cv-00459**

**WARDEN, FCI BECKLEY SATELLITE CAMP,**
Respondent.

**PETITIONER'S SUPPLEMENTAL NOTICE OF BINDING FOURTH CIRCUIT AUTHORITY - BENSON v. WARDEN FCI EDGEFIELD**

Petitioner Robert Rivernider respectfully gives notice of Benson v. Warden FCI Edgefield, No. 24-6713 (4th Cir. Apr. 22, 2026), a published Fourth Circuit decision directly bearing on the First Step Act issues raised in ECF No. 11 and Petitioner's emergency supplemental filing. Benson is binding authority in this Court.

Benson vacated the dismissal of a § 2241 petition challenging BOP's refusal to recognize First Step Act programming allegedly completed after sentence commencement but before arrival at the prisoner's designated BOP institution and before BOP administered its risk-and-needs assessment. The Fourth Circuit held that, under 18 U.S.C. §§ 3632(d)(4)(B) and 3585(a), a sentence commences when the defendant is received in custody awaiting transportation to the official detention facility; the FSA does not hinge sentence commencement on arrival at the BOP-designated facility, and a prisoner's ability to earn credits is not tied to that arrival. Benson, slip op. 13-14.

The Fourth Circuit further held that, after Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), the district court must independently decide whether BOP's interpretation of 'successful participation' - effectively requiring a prior risk-and-needs assessment - reflects the single best meaning of the FSA. Benson also rejected dismissal on an undeveloped record where the pro se

petitioner alleged pre-assessment participation, and it encouraged the district court to proceed with 'the utmost expediency' because a favorable decision could advance prerelease custody or supervised release. Id. at 11-16.

Benson materially applies here. Petitioner preserves his primary position that the 2020 compassionate-release order did not create a new sentence. At minimum, however, if BOP's separate revocation-term premise is accepted, Benson forecloses using Petitioner's April 15, 2026 arrival at FCI Beckley as the categorical starting point for FSA eligibility. After the December 12, 2025 revocation sentence, Petitioner remained in official detention awaiting transportation and designation. Whether qualifying participation occurred, and how many credits were earned, should be determined from the underlying records rather than excluded categorically because Petitioner had not yet reached Beckley or received a new BOP assessment.

Petitioner does not contend that Benson itself fixes the exact number of credits due. He asks the Court to apply Benson, require Respondent/BOP to produce the relevant custody, programming, assessment, and computation records, and determine the FSA calculation on an expedited basis before the disputed liberty period is consumed.

Respectfully submitted,

/s/Robert Rivernider

Robert Rivernider, Pro Se
Reg. No. 96006-004
FCI Beckley Satellite Prison Camp
P.O. Box 350
Beaver, WV 25813

## CERTIFICATE OF SERVICE

I certify that on August 14, 2026, I placed a true and correct copy of this notice in the US mail, first-class postage prepaid, addressed to the United States Attorney's Office for the Southern District of West Virginia, 300 Virginia Street East, Room 4000, Charleston, WV 25301.

/s/Robert Rivernider

______________________________

Robert Rivernider