IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

FILED
SEP - 4 2026
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

ROBERT RIVERNIDER,

Petitioner,

v.

WARDEN, FCI BECKLEY,

Respondent.

Civil Action No. 5:26-cv-00459

Chief Judge Frank W. Volk

Magistrate Judge Omar J. Aboulhosn

**PETITIONER'S RENEWED EMERGENCY MOTION FOR IMMEDIATE DISTRICT-JUDGE ACTION, EXPEDITED HEARING, AND ALTERNATIVE TIME-LIMITED RE-REFERRAL**

Petitioner Robert Rivernider, proceeding pro se, respectfully renews his request for immediate district-court action under 28 U.S.C. §§ 2243, 1657(a), and 636(b)(1). The tracked original of the August 24, 2026 motion, apparently mailed for filing with the Clerk, was returned to the sender on August 28 rather than delivered. USPS Tracking No. 9405530109355445398660 reports: "Addressee Unknown." Petitioner therefore resubmits the emergency material to the Clerk at the Court's verified Beckley mailing address. Because Petitioner cannot print or mail filings from confinement, his adult nonparty sender, Loretta Keller, must print and mail them at his direction. Meanwhile, the disputed custody and the Bureau of Prisons' own 151–180-day prerelease-placement window continue to expire.

Petitioner requests that Chief Judge Volk decide the pending objections and emergency requests without awaiting further magistrate-judge action; alternatively, set a firm, short deadline for

any revised proposed findings and recommendation and conduct an immediate telephone or video status and evidentiary hearing. Petitioner also asks the Court to require Respondent to produce the complete computation record forthwith and to preserve effective relief before the challenged custody is served.

## I. PROCEDURAL EMERGENCY

1. Petitioner filed this 28 U.S.C. § 2241 action on July 13, 2026, challenging BOP's treatment of the 36-month revocation term as a wholly new and separate sentence and the resulting good-conduct-time, First Step Act, and prerelease consequences.
2. On July 21, 2026, the Magistrate Judge issued proposed findings recommending denial of preliminary relief and allowed Respondent sixty days to answer, although the complete sentence-computation record had not been produced. Petitioner filed objections and renewed emergency requests on July 29.
3. On August 7, 2026, Chief Judge Volk re-referred the objections and emergency issues to Magistrate Judge Aboulhosn for further consideration and a possible revised recommendation. As of August 31, twenty-four days will have elapsed since that order without a revised recommendation, hearing, or ruling on the time-sensitive relief.
4. The August 24 emergency motion was intended to place the BOP's April 21 Individualized Needs Plan and the Warden's August 18 TRULINCS response before the Court. The tracked original apparently sent to the Clerk was returned "Addressee Unknown" on August 28. Petitioner now resubmits the filing to the Clerk at 110 North Heber Street, Room 119, Beckley, West Virginia 25801, and serves Respondent separately, so that the mailing failure does not erase the requested judicial review.

## II. THE RECORD NOW REQUIRES PROMPT JUDICIAL MANAGEMENT

5. BOP's April 21, 2026 Individualized Needs Plan records Petitioner as FSA eligible and low risk, with no recent incident reports, an established residence and community ties, available RRC

resources, no disqualifying offense circumstance identified in the five-factor review, and no placement objection in the judgment. BOP recommended placement in a range of 151–180 days.

6. A May 29, 2026 assessment separately reflected approximately 150 days of Second Chance Act placement and 109 days as the stated statutory home-confinement maximum under BOP's present calculation. Those records do not decide the legal computation dispute, but they show that community placement was affirmatively recommended and that delay is consuming the transition period BOP itself found appropriate.

7. The administrative chronology also shows that ordinary exhaustion cannot protect the disputed liberty. Petitioner submitted a BP-8 on June 15, 2026 and delivered two completed BP-9s to Counselor Bowyer on July 27. The Warden stated on August 18: "We received a BP-9 on 8/11/26 and another on 8/12/26. Both of these are awaiting responses." Internal routing therefore consumed fifteen and sixteen days before institutional receipt or logging.

8. The newly received BP-9 responses should be accepted as supplemental evidence once attached. They do not eliminate the need for judicial review of the legal aggregation and credit questions, and the Court should not require another open-ended administrative cycle while the alleged over-incarceration and prerelease loss continue. Petitioner will rely on the responses for their exact stated grounds and dates, without attributing to them any concession they do not make.

9. Petitioner's computation position remains that approximately 80 months previously served and the 36-month revocation term must be treated consistently as an approximately 116-month aggregate for the relevant statutory computations. Under the 54-day-per-year good-conduct framework, Petitioner asserts that approximately 94 months had been served by late August 2026 and that the lawful endpoint is near or has been materially advanced, subject to exact day-by-day calculation and any properly earned FSA credits. Respondent possesses the

SENTRY, DSCC, jail-credit, PATTERN, FSA, programming, and placement records required to test those numbers.

## III. THE DISTRICT JUDGE MAY ACT NOW

10. Section 636(b)(1) permits the district judge to accept, reject, or modify a magistrate judge's proposed findings, receive further evidence, or recommit the matter with instructions. The August 7 re-referral does not prevent the District Court from acting on the objections and emergency request when delay threatens to defeat effective relief.

11. Section 2243 directs the Court to act forthwith, obtain a prompt return, and summarily hear and determine the facts and dispose of the matter as law and justice require. Section 1657(a) gives habeas matters statutory priority. Petitioner does not contend that those provisions impose a mechanical decisional deadline on a magistrate judge. He asks the Court to apply their command of practical speed to a release-date controversy that can become incapable of meaningful remedy through delay.

12. In In re Hicks, 118 F. App'x 778 (4th Cir. 2005), the Fourth Circuit emphasized that habeas is intended to afford a speedy remedy and must receive priority under § 1657(a). Hicks involved far longer delay and is not cited as proof that the present Court has committed the same error; it confirms that habeas relief must remain effective rather than arrive after the disputed custody is served.

13. Kelly v. Railroad Retirement Board, 625 F.2d 486, 490–91 (3d Cir. 1980), is additional persuasive authority that unexplained administrative delay may violate due process and that an agency may not benefit from failure to follow its own procedures. Kelly involved a delay of years and a different statute. Its relevant principle here is narrower: nominally available administrative review is inadequate when delay consumes the liberty-related remedy before review can occur.

## IV. AN IMMEDIATE HEARING OR TIME-LIMITED ORDER IS NECESSARY

14. A hearing is not requested merely to repeat the briefs. It would allow the Court to identify the controlling legal premise and require a knowledgeable BOP witness or declarant to explain the computation from source records: whether the terms are aggregated; the exact GCT calculation; every FSA credit earned, applied, disallowed, or banked; the treatment of the December 21, 2018–May 14, 2020 period; and the effect on RRC, home confinement, and release dates.

15. The passage of time is itself the concrete prejudice. Mailing on August 31 means the Clerk may not receive this filing until after the September 7 Labor Day holiday. Each additional week consumes a substantial portion of BOP's 151–180-day recommendation and cannot later be restored as secure-custody days, community-transition time, employment preparation, family reintegration, or medical continuity.

16. If the Court concludes that a full evidentiary hearing is unnecessary, Petitioner requests at minimum an immediate status conference and an order requiring a sworn, day-by-day computation and narrow legal response within three business days. If the lawful release or prerelease date has arrived, the Court should order the relief required by the governing statutes rather than remand for another indefinite administrative review.

## REQUEST FOR RELIEF

For these reasons, Petitioner respectfully requests that the Court:

1. accept this renewed motion and the attached records as a supplement to the petition, objections, and pending emergency requests;
2. take up the pending objections and emergency requests directly under 28 U.S.C. § 636(b)(1), without awaiting another proposed recommendation;
3. alternatively, set a firm deadline of three business days for any revised recommendation and immediately thereafter rule on the emergency relief;

4. conduct an immediate telephone or video status and evidentiary hearing;
5. require Respondent within three business days to file the complete SENTRY/DSCC computation, jail-credit records, GCT calculation, FSA Time Credit Assessments, PATTERN history, qualifying-program records, and all RRC/home-confinement recommendation and referral records;
6. order Respondent to identify, day by day and credit by credit, the statutory and regulatory basis for every disputed inclusion, exclusion, and projected date;
7. excuse any further exhaustion that cannot provide timely relief, or deem exhaustion satisfied to the extent practically available; and
8. if the lawful prerelease or release date has arrived or passed, order immediate placement in prerelease custody or release as the governing law requires.

**DECLARATION UNDER 28 U.S.C. § 1746**

I, Robert Rivernider, declare under penalty of perjury that the factual statements in this motion concerning my custody, administrative-remedy submissions, and inability to print or mail court papers from confinement are true and correct to the best of my knowledge. Loretta Keller prints and mails my filings at my direction. The tracked original of the August 24, 2026 motion, apparently mailed for filing with the Clerk, was returned "Addressee Unknown" on August 28. The attached copies are true and correct copies of records provided to or received by me.

Executed on August 31, 2026.

**/s/ Robert Rivernider**

**ROBERT RIVERNIDER, Pro Se**

Register No. 96006-004

FCI Beckley Satellite Camp

P.O. Box 350

Beaver, WV 25813

**CERTIFICATE OF SERVICE**

I, Loretta Keller, certify that on August 31, 2026, at Petitioner Robert Rivernider's direction, I placed a true and correct copy of this motion and its exhibits in the United States Mail, first-class postage prepaid, addressed to counsel for Respondent at:

Office of the United States Attorney

Southern District of West Virginia

Robert C. Byrd United States Courthouse

300 Virginia Street, Suite 4000

Charleston, WV 25301

/s/ Loretta Keller

Loretta Keller, Adult Nonparty Sender/Server