**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**ROBERT RIVERNIDER,**

**Petitioner,**

**v.** **Case No.: 5:26-cv-00459**

**WARDEN, FCI BECKLEY**
**SATELLITE CAMP,**

**Respondent.**

# SUPPLEMENTAL PROPOSED FINDINGS AND RECOMMENDATIONS

Currently pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which Petitioner challenges the BOP's computation of his federal sentence, including the calculation of good-conduct time and FSA time credits and the resulting dates relevant to his release and prerelease custody. (ECF Nos. 1, 3, 4). By Order entered July 21, 2026, the undersigned directed Respondent to answer or otherwise respond to the Petition, as supplemented, and afforded Petitioner an opportunity to reply. (ECF No. 9).

On July 21, 2026, the undersigned also entered Proposed Findings and Recommendations ("PF&R") recommending that the presiding District Judge deny Petitioner Robert Rivernider's Emergency Motion for Preliminary Injunction and Immediate Release on Home Confinement. (ECF Nos. 5, 10). The undersigned determined that the record then before the Court was insufficient to permit a finding that Petitioner had made the clear showing necessary to warrant preliminary injunctive relief

and further found that Petitioner had failed to establish actual and imminent irreparable harm absent immediate judicial intervention. (ECF No. 10).

On July 29, 2026, Petitioner filed Emergency, Specific Objections to the PF&R, a Motion to Modify the Sixty-Day Show-Cause Deadline, and requests for an immediate status conference, record production, and interim prerelease relief. (ECF No. 11). On August 7, 2026, the presiding District Judge referred the matter anew to the undersigned "to consider whether the subject objections and other relief sought warrant a revised recommendation." (ECF No. 12).

Since that re-referral, Petitioner has filed an Emergency Supplemental Notice of Authority, Supplement to ECF No. 11, and Renewed Request for Immediate Recalculation, Release, or Prerelease Relief, (ECF No. 13); a Supplemental Notice of Binding Fourth Circuit Authority concerning *Benson v. Warden FCI Edgefield*, (ECF No. 14); an Emergency Motion for Prompt District-Court Action to Expedite the Return and Decision and for Leave to Supplement the Record, (ECF No. 15); and a Renewed Emergency Motion for Immediate District-Judge Action, Expedited Hearing, and Alternative Time-Limited Re-Referral, (ECF No. 16). Respondent has also tendered a proposed Response to the Court's Order to Show Cause and supporting exhibits. (ECF No. 17).

Pursuant to Chief District Judge Volk's August 7, 2026, Order, the undersigned has considered Petitioner's objections, supplemental filings and authorities, and the record as it has developed since entry of the July 21, 2026, PF&R. For the reasons set forth below, the undersigned **FINDS** that these additional matters do not alter the conclusion that Petitioner has failed to demonstrate entitlement to the extraordinary remedy of preliminary injunctive relief. Accordingly, the undersigned respectfully

**RECOMMENDS** that the presiding District Judge **DENY** Petitioner's requests for preliminary injunctive relief, (ECF Nos. 5, 11, 13, 15, 16), and otherwise adopt the recommendation contained in the July 21, 2026, PF&R, (ECF No. 10).

## I. <u>Petitioner's Objections and Subsequent Filings</u>

In his Emergency, Specific Objections, Petitioner challenges the undersigned's conclusion that he failed to establish actual and imminent irreparable harm warranting preliminary injunctive relief. (ECF No. 11). Petitioner argues that the Court's conclusion was based upon an incomplete record because Respondent had not yet produced the sentence-computation records necessary to determine his proper release and prerelease-custody dates. (*Id.*). Petitioner further contends that the sixty-day period afforded Respondent to answer the Petition, followed by the sixty-day period afforded Petitioner to reply, could consume much or all of the period during which he claims entitlement to prerelease custody. (*Id.*). Accordingly, Petitioner requests, among other relief, that the Court modify the briefing schedule, require prompt production of his sentence-computation records, conduct an immediate status conference, and order his transfer to home confinement or other prerelease custody while his Petition remains pending. (*Id.*).

Following the District Court's re-referral of the matter, Petitioner filed an Emergency Supplemental Notice of Authority and renewed his request for immediate recalculation of his sentence and release or placement in prerelease custody. (ECF No. 13). Petitioner principally relies upon *Miles v. Bowers*, No. 25-1291 (1st Cir. Apr. 27, 2026), in support of his contention that the BOP improperly delayed the accrual of First Step Act ("FSA") time credits until his arrival at his designated BOP facility. (*Id.*). Petitioner also expands upon his sentence-computation arguments, contending that his original term of imprisonment and subsequent revocation sentence should be treated as

a single aggregate term and asserting that the BOP has failed to award FSA time credits for periods during which he believes he was eligible to earn such credits. (*Id.*). In support of his request for immediate relief, Petitioner further relies upon BOP records concerning his accrued program days, FSA time credits, and recommended prerelease placement. (*Id.*).

On the same date, Petitioner filed a Supplemental Notice of Binding Fourth Circuit Authority concerning *Benson v. Warden FCI Edgefield*, 174 F.4th 348 (4th Cir. 2026). (ECF No. 14). Petitioner argues that *Benson* undermines the BOP's use of his arrival at FCI Beckley as the starting point for earning FSA time credits and contends that, if his revocation sentence is treated as a separate sentence, the relevant sentence commenced before his arrival at FCI Beckley. (*Id.*). Petitioner acknowledges that *Benson* does not itself establish the precise number of FSA time credits to which he is entitled, but maintains that the decision requires consideration of whether he successfully participated in qualifying programming during the disputed period. (*Id.*).

Petitioner subsequently filed an Emergency Motion for Prompt District-Court Action to Expedite the Return and Decision and for Leave to Supplement the Record. (ECF No. 15). Petitioner again asserts that the passage of time threatens to deprive him of prerelease custody to which he believes he is presently entitled and argues that the administrative-remedy process has not proceeded sufficiently quickly to protect that asserted interest. (*Id.*). Petitioner requests expedited production of his sentence-computation and FSA records, a shortened response period, prompt consideration of his requests for relief, and immediate release or prerelease placement if the resulting computation demonstrates that such relief is due. (*Id.*).

Finally, Petitioner filed a Renewed Emergency Motion for Immediate District-Judge Action, Expedited Hearing, and Alternative Time-Limited Re-Referral. (ECF No. 16). Petitioner again emphasizes the asserted time-sensitive nature of his sentence-computation and prerelease-custody claims and requests immediate consideration of his objections and requests for emergency relief. (*Id.*).

## II. <u>Discussion</u>

The undersigned incorporates herein the standard governing preliminary injunctive relief set forth in the July 21, 2026, Proposed Findings and Recommendations. (ECF No. 10). As explained therein, a preliminary injunction is an extraordinary remedy that may be awarded only upon a clear showing that the movant is entitled to such relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain preliminary injunctive relief, Petitioner must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20. Because Petitioner must satisfy each of these requirements, his failure to make the requisite showing as to any one factor precludes the extraordinary relief he seeks. (ECF No. 10).

Petitioner's objections and subsequent filings provide additional argument, authority, and documentation in support of his underlying sentence-computation claims. Nevertheless, the undersigned **FINDS** that Petitioner has not demonstrated a clear likelihood of success on the merits sufficient to warrant preliminary injunctive relief. Petitioner continues to dispute the BOP's calculation of his sentence and maintains that his original term of imprisonment and subsequent revocation sentence should be aggregated for purposes of calculating good-conduct time. (ECF Nos. 11, 13). He further

contends that the BOP has failed to award all FSA time credits to which he is entitled, including credits he asserts should have accrued before his arrival at FCI Beckley. (ECF Nos. 13, 14).

Petitioner is correct that *Benson v. Warden FCI Edgefield*, 174 F.4th 348 (4th Cir. 2026), establishes that a federal prisoner's ability to earn FSA time credits is not categorically dependent upon his arrival at his BOP-designated facility. *Id.* at 357. The Fourth Circuit concluded that Benson's sentence commenced when he was taken into the custody of the United States Marshals Service and that he was eligible to participate in FSA programming from that point. *Id.* The Fourth Circuit did not, however, determine whether Benson had "successfully participated" in qualifying programming during the disputed period or the number of FSA time credits to which he was ultimately entitled. Rather, the court remanded for the district court to determine, in the first instance, whether the BOP's interpretation of "successful participation" reflects the "single, best meaning" of the FSA under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). *Benson*, 174 F.4th at 356–58. Thus, although *Benson* bears upon the ultimate resolution of Petitioner's FSA claim, it does not establish on the present record that Petitioner actually earned a particular number of additional FSA time credits or that application of any such credits would presently entitle him to immediate release, home confinement, or other prerelease custody.

Petitioner also has not demonstrated that his aggregation argument establishes a clear present entitlement to preliminary relief. Although Petitioner maintains that his original term of imprisonment and subsequent revocation sentence must be treated as a single aggregate term for purposes of calculating good-conduct time, that disputed sentence-computation issue goes directly to the merits of his Petition and has not yet been

fully briefed. Without resolving that issue, the present record does not establish that acceptance of Petitioner's proposed calculation would necessarily result in his immediate release or present entitlement to the particular prerelease placement he seeks.

Likewise, Petitioner's supplemental documentation does not conclusively establish his present entitlement to the requested relief. Although Petitioner relies upon BOP records concerning accrued program days, FSA time credits, and recommended prerelease placement, (ECF No. 13), significant issues concerning the proper computation of his sentence and application of any additional credits remain disputed. Resolution of those issues is appropriately undertaken upon consideration of the merits of Petitioner's Section 2241 Petition after the parties have had a full opportunity to present their respective positions. Moreover, the relief Petitioner seeks would require affirmative action by the BOP, including immediate recalculation of his sentence and placement in home confinement or other prerelease custody, rather than merely preserving the status quo while his Petition is adjudicated. Mandatory preliminary injunctive relief is disfavored and "warranted only in the most extraordinary circumstances." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525–26 (4th Cir. 2003) (quoting *Taylor v. Freeman*, 34 F.3d 266, 270 n.2 (4th Cir. 1994)). Accordingly, the mandatory nature of the relief requested reinforces Petitioner's burden to demonstrate that immediate intervention is necessary to prevent irreparable harm and preserve the Court's ability to afford meaningful relief upon resolution of the merits.

Petitioner has similarly failed to demonstrate that he is likely to suffer actual and imminent irreparable harm in the absence of immediate injunctive relief. Petitioner principally argues that continued litigation of his claims, including the time permitted under the Court's current briefing schedule, may consume some or all of the period during

which he believes he should be serving his sentence in prerelease custody. (ECF Nos. 11, 13, 15, 16). However, since Petitioner filed those requests, Respondent has tendered its substantive response and supporting records. (ECF No. 17). Thus, to the extent Petitioner sought expedited submission of Respondent's position and the relevant sentence-computation records as necessary to permit meaningful consideration of his claims, those materials are now before the Court.

The undersigned recognizes the time-sensitive nature of Petitioner's allegations. Nevertheless, Petitioner's asserted injury remains dependent upon resolution of the disputed sentence-computation and FSA-credit issues underlying his Petition. At this stage, Petitioner has not established that resolution of the disputed sentence-computation issues would necessarily result in his immediate release or establish a present entitlement to the particular prerelease placement he seeks. The possibility that litigation may ultimately reduce the amount of time Petitioner could spend in prerelease custody does not eliminate his obligation under *Winter* to demonstrate that the asserted injury is likely, rather than merely possible, in the absence of preliminary relief. *Winter*, 555 U.S. at 22. Accordingly, Petitioner has not made the clear showing of actual and imminent irreparable injury necessary to warrant preliminary injunctive relief.

Moreover, the remaining *Winter* factors do not alter this conclusion. The Court must balance Petitioner's asserted interest in receiving any sentence credits and prerelease consideration to which he may ultimately be entitled against the interest in permitting the orderly adjudication of disputed sentence-computation issues on a complete record. Likewise, the public interest is served by ensuring both that federal sentences are lawfully calculated and that extraordinary injunctive relief affecting the

execution of a federal sentence is not imposed absent the requisite clear showing of entitlement.

Accordingly, upon consideration of Petitioner's objections, supplemental filings, and additional authorities, the undersigned **FINDS** that Petitioner has not satisfied his burden under *Winter* of clearly demonstrating entitlement to preliminary injunctive relief. Nothing in this Supplemental PF&R should be construed as resolving the merits of Petitioner's underlying Section 2241 claims. Those claims remain pending and will be considered following completion of the briefing contemplated by the Court's July 21, 2026, Order.

## III. <u>Proposal and Recommendations</u>

For the reasons set forth above, and for the reasons stated in the undersigned's July 21, 2026, Proposed Findings and Recommendations, (ECF No. 10), the undersigned respectfully **PROPOSES** that the foregoing findings be confirmed and adopted and **RECOMMENDS** that the presiding District Judge **DENY** Petitioner's requests for preliminary injunctive relief, (ECF Nos. 5, 11, 13, 15, 16), and otherwise adopt the recommendation contained in the July 21, 2026, PF&R, (ECF No. 10).

Petitioner is notified that this "Supplemental Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Supplemental Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Supplemental Proposed Findings and

Recommendations" to which objection is made and the basis of such objection. Extension of this time may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Volk, and Magistrate Judge Aboulhosn.

The Clerk is instructed to provide a copy of this "Supplemental Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** October 8, 2026

Omar J. Aboulhosn
United States Magistrate Judge