**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**ROBERT RIVERNIDER,**

**Petitioner,**

**v.** **Case No.: 5:26-cv-00459**

**WARDEN, FCI BECKLEY**
**SATELLITE CAMP,**

**Respondent.**

# ORDER

Pending before the Court are Petitioner's Emergency Motion for Prompt District-Court Action to Expedite the Return and Decision and for Leave to Supplement the Record, (ECF No. 15), Petitioner's Renewed Emergency Motion for Immediate District-Judge Action, Expedited Hearing, and Alternative Time-Limited Re-Referral, (ECF No. 16), Respondent's Motion to Exceed Page Limit, (ECF No. 17), and Petitioner's Emergency Notice of Material Change in Medical and Custodial Circumstances, Intervening BOP Rulemaking, and Request for Immediate Status Report and Protective Relief, (ECF No. 18).

Petitioner requests, among other relief, leave to supplement the record with additional materials concerning his sentence computation, administrative remedies, and prerelease-custody claims. (ECF No. 15). Having considered Petitioner's request, the Court **GRANTS** Petitioner leave to supplement the record with the materials submitted in support of his motion. To the extent ECF Nos. 15 and 16 seek expedited consideration of Petitioner's requests for preliminary injunctive relief, those requests have been addressed in the Supplemental Proposed Findings and Recommendations entered

contemporaneously herewith. To the extent Petitioner requests that Respondent be required to submit an expedited response and supporting sentence-computation records, Respondent has now tendered its substantive Response to the Court's Order to Show Cause and supporting exhibits. (ECF No. 17). Accordingly, Petitioner's request for an expedited response and production of the supporting sentence-computation records is **DENIED** as **MOOT**.

Respondent moves for leave to exceed the twenty-page limitation set forth in Local Rule of Civil Procedure 7.1(a)(2), explaining that additional pages are necessary to adequately address the numerous claims and supplemental filings submitted by Petitioner. (ECF No. 17). Finding good cause for the requested enlargement, the Court **GRANTS** Respondent's Motion to Exceed Page Limit. (ECF No. 17). The Clerk is directed to file Respondent's proposed Response to Order to Show Cause, currently attached to the motion, together with its supporting exhibits, as separate docket entries.

As stated in the Court's prior Order, (ECF No. 9), Petitioner has a right to reply to the Response. It is hereby **ORDERED** that Petitioner shall have **sixty (60) days** after service of the Response in which to file a reply. The original of the reply shall be filed with the Clerk of the Court and a copy served on counsel for the Respondent. The reply must be accompanied by a certificate stating that a copy has been sent to counsel for Respondent. Upon expiration of the sixty-day period, the underlying Petition will be considered ripe for disposition. Nothing in this Order or the contemporaneously filed Supplemental Proposed Findings and Recommendations alters the briefing period afforded Petitioner by the Court's July 21, 2026, Order.

Further, to the extent ECF Nos. 15 and 16 request an expedited hearing, that request is **DENIED** because the Court finds that a hearing is unnecessary at this stage.

To the extent those filings request immediate District-Judge action or a time-limited re-referral, those requests are **DENIED** as **MOOT** in light of the Supplemental Proposed Findings and Recommendations entered contemporaneously herewith.

On September 21, 2026, Petitioner filed an Emergency Notice of Material Change in Medical and Custodial Circumstances, Intervening BOP Rulemaking, and Request for Immediate Status Report and Protective Relief. (ECF No. 18). Upon review, the Court notes that the filing does not bear Petitioner's personal signature. Rather, Petitioner's name, registration number, and institution appear in typewritten form at the conclusion of the Notice. Petitioner's sister, Loretta Keller, signed the accompanying certificate of service, identifying herself as the "Adult nonparty mailing the documents." (*Id.*).

In her supporting declaration, Keller states that she has been assisting Petitioner from outside the institution with his pending litigation and communications concerning his cases. She further declares that she has had no direct communication with Petitioner since September 10, 2026. (*Id.*). However, the Notice, Keller's certificate of service, and her declaration are each dated September 14, 2026. The filing does not explain how the September 14 submission was coordinated or whether Petitioner personally authorized the requests for relief contained therein.

Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, and other paper be signed by an attorney of record or, if the party is unrepresented, by the party personally. Fed. R. Civ. P. 11(a). The Rule further provides that an unsigned paper must be stricken unless the omission is promptly corrected after being called to the party's attention. *Id.* Accordingly, Petitioner is hereby **ORDERED** to submit, on or before **November 9, 2026**, a personally signed statement confirming that he authorized the filing of ECF No. 18 and wishes to pursue the relief requested therein.

Petitioner is advised that failure to timely correct the signature deficiency may result in ECF No. 18 being stricken pursuant to Rule 11(a).

Petitioner is further advised that, although he may receive assistance from a non-attorney in preparing and mailing documents, a non-attorney may not represent him in federal court or prosecute this action on his behalf. See 28 U.S.C. § 1654. Petitioner must personally sign his filings and remain responsible for prosecuting his own claims. The Court makes no finding at this time that Keller has engaged in unauthorized representation. Consideration of the substantive requests for relief contained in ECF No. 18 is **HELD IN ABEYANCE** pending Petitioner's compliance with this Order.

Petitioner is reminded that he is responsible for notifying the Clerk of Court of any change in his address or other contact information. Failure to do so may result in a recommendation of dismissal of his Petition.

The Clerk is directed to provide a copy of this Order to Petitioner and counsel of record.

**ENTERED:** October 8, 2026

Omar J. Aboulhosn
United States Magistrate Judge