FILED
OCT 16 2026
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

ROBERT RIVERNIDER, Petitioner,
v.
WARDEN, FCI BECKLEY SATELLITE CAMP, Respondent.

Civil Action No. 5:26-cv-00459

Specific Objections to Supplemental Proposed Findings and Recommendations

Petitioner specifically objects to ECF 19's findings at pages 5–9 concerning likelihood of success, irreparable harm and the remaining Winter factors. He requests de novo review under 28 U.S.C. § 636(b)(1) and Rule 72(b), consideration of the accompanying participation declaration and the effective September 30 rule, and a narrow supplemental accounting followed by prompt merits adjudication. These objections supplement his earlier objections to ECF 10 and address the new recommendation directly.

**The participation finding requires the supplemented record**

ECF 19 at 6 acknowledges that Benson v. Warden FCI Edgefield, 174 F.4th 348 (4th Cir. 2026), defeats a categorical designated-facility earning restriction but finds no established additional award or present placement entitlement. Petitioner objects to resolving the likelihood-of-success inquiry without considering his specific allegation of Miami TRULINCS surveys and holding-facility infectious-disease education, supplied in the accompanying declaration. ECF 21 at 15–17 argues that he did not even allege participation. The declaration now addresses that asserted defect. Petitioner requests consideration of the allegations and records needed to determine which activities qualify, rather than an automatic award for confinement alone.

Respondent relies on an education transcript showing a May 15 start while acknowledging credit accrual from April 15. ECF 21 at 16; ECF 21-1 at 13, 15. Its own records therefore distinguish qualifying accrual from the education transcript's dates. The relevant electronic surveys, activity

assignments, needs assessments and completion records must be examined. Petitioner requests an independent statutory determination under Benson and Loper Bright, including the September 30 amendment to 28 C.F.R. § 523.42(a), 91 Fed. Reg. 55740, 55741, 55743 (Aug. 31, 2026).

**September records do not resolve the current accounting**

Petitioner objects to treating production of ECF 21's exhibits as resolving the need for the updated calculation. ECF 19 at 8; ECF 20 at 2. The September 2 assessment and September 8 sentence data predate the effective amendment and the reported forty-one-day adjustment. ECF 21-1 at 15–16; ECF 21-2 at 66–69. Petitioner requests only a supplement covering current credits, disputed activities, the selected SCA allowance and the resulting combined placement date. ECF 21-1 at 15 expressly distinguishes credits toward RRC/HC from unavailable early supervised release because no supervision term remains. Respondent should explain the scope of the INELIGIBLE label in ECF 21-2 at 67 and confirm that it does not wrongly exclude prerelease-custody credit application.

The dedicated FSA Office announced September 24 is responsible for credit calculations and statutory compliance, and the earning rule became effective September 30. BOP, Dedicated First Step Act Office (Sept. 24, 2026), at 1–2; 91 Fed. Reg. 55740, 55741, 55743. Respondent's September 16 submission supplies neither proof of a later individualized recalculation nor its current worksheet. ECF 21 at 22. Petitioner requests that limited update rather than reliance on the institutional result alone. Any forthcoming home-confinement transfer must also be distinguished from correction of the disputed remaining custody period.

Wright v. Flowers, No. 3:25-cv-00813 (OAW), ECF 40 at 13–17 (D. Conn. Sept. 10, 2026), supports enforcing mandatory FSA transfer duties upon established eligibility. The

accompanying memorandum explains its application to the requested accounting and transfer plan.

The filed worksheet already combines 150 projected FSA days with 150 recommended SCA days. Its April 29, 2027 home-confinement date is conditional, and Petitioner does not count those same SCA days twice. He reports later staff statements concerning twelve months of SCA placement and requests the actual instructions and individualized allocation. The statutory FSA transfer duty, when its conditions are satisfied, should be distinguished from selection of an SCA placement period. See 18 U.S.C. §§ 3632(d)(4)(C), 3624(c), (g).

**The original term accounting claim remains for decision**

Petitioner preserves the proposed 116-month total, its 98.6-month eighty-five-percent benchmark, and his claim that genuinely overserved original custody must be credited against the actual revocation imprisonment. Mont and Barrus address continuity; Burks and Jackson recognize a possible credit for genuinely overserved custody. Jackson and Mahatha also limit claims seeking a new reduction to create banked time. The reply distinguishes those holdings and preserves the requested statutory accounting. He requests a statutory day-by-day accounting rather than treating those cases as an automatic aggregate-credit award. ECF 19 at 6–7 expressly leaves this merits issue unresolved. The district judge should decide the statutory accounting on the developed record promptly.

In Burks v. Director of Bureau of Prisons, No. BAH-25-1075, ECF 15 at 6 (D. Md. Jan. 20, 2026), the court explained:

> "Accordingly, a determination that the petitioner overserved time in incarceration and thus that the time would be banked, or credited to him, follows **only if he were to violate the conditions of his supervised release and be sentenced to serve a term of incarceration as a penalty.**" (emphasis added).

That condition has now occurred. Petitioner's supervised release was revoked on December 12, 2025, and he is presently serving the resulting thirty-six-month term of imprisonment. ECF 21-2 at 59-61. Unlike the petitioner in Burks, Petitioner does not ask the Court to decide whether a credit might become relevant after a hypothetical future revocation. He asks the Court to decide a present sentence-computation dispute that directly affects the legality and duration of his current confinement.

The Fourth Circuit recognizes the possibility of crediting actually overserved custody against imprisonment imposed upon revocation under the same sentence. United States v. Jackson, 952 F.3d 492, 498 (4th Cir. 2020). Jackson discusses BOP Program Statement 5880.28 at 1-69, which Respondent itself supplies at ECF 21-2 at 64. That policy requires credit for qualifying prior custody not awarded to the original sentence or elsewhere. The distinction is between a second credit for custody already applied and an accounting of custody actually served but left unapplied. Petitioner seeks the latter.

These authorities require careful application. Jackson affirmed a reduction to time served that did not create the banked time requested. Id. at 499-502. United States v. Mahatha, No. 23-4273, slip op. at 3-4, 7-8 (4th Cir. Aug. 19, 2025) (unpublished), likewise recognized the banked-time mechanism but affirmed denial of a discretionary Section 404 reduction sought to create it. Those cases do not establish that a compassionate-release reduction to time served automatically creates unused custody or transferable GCT or FSA credits. Petitioner requests enforcement of the existing judgments and lawful execution of the current term in this Section 2241 action, rather than a further discretionary reduction of the Connecticut sentence.

The requested relief is therefore limited to determining whether custody served under the original sentence exceeded the lawful term after the May 2020 reduction and, if so, whether the

resulting unapplied custody must be credited against the current revocation term. The Court should require Respondent to identify and reconcile, with dates and calculations, (1) the original sentence computation; (2) the May 12 and May 13, 2020 orders; (3) each period of actual custody served; (4) all good-conduct, prior-custody, and other credits previously applied; (5) the date on which the original sentence was satisfied; (6) any custody served thereafter; and (7) whether any such custody remains unapplied to a sentence. The Court should then determine the credit due under the governing statutes and the supplied computation policy.

Petitioner requests a complete accounting and correction without double-counting custody or credits. If the corrected computation establishes that he has served the lawful custodial term, the Court should order correction of the records and the release action required by that computation. If the corrected calculation instead establishes present entitlement to prerelease custody, he requests enforcement of that distinct remedy upon satisfaction of the applicable statutory conditions.

As of October 13, the record-based tally is approximately 2,908 days of actual custody: 2,431 from the original confinement, including its 134 prior-credit days, and 477 from June 24, 2025 through October 13, 2026. This is approximately 95.54 completed months, placing Petitioner in his ninety-sixth month. Under his 116-month aggregation theory, the 98.6-month eighty-five-percent benchmark falls around January 14, 2027, with approximately ninety-three days remaining. A six-month home-confinement window measured from that benchmark began around July 14, 2026; allowing the reported forty-one-day adjustment moves that illustrative window to August 24, 2026. Both precede the September 10 incident. Calculation Exhibit B supplies the inputs, statutory-rate comparison and conditional FSA/SCA dates.

Petitioner requests modification of ECF 20 at 2 to deem the merits ripe upon filing this completed reply and any narrowly ordered supplemental return. He waives the unused balance of his own reply period; he does not waive Respondent's opportunity to address the specified record gaps. ECF 19 at 2 quotes the August 7 re-referral to consider whether his objections warranted a revised recommendation, but its October 8 recommendation expressly leaves the merits pending. ECF 19 at 9. The 116-month aggregation and original-custody accounting therefore still require decision. Calculation Exhibit B places the disputed eighty-five-percent benchmark around January 14, 2027. Sixty additional days measured from October 13 would reach December 12, leaving approximately thirty-three days before that benchmark; a further adjudication delay could consume the remainder. The requested preliminary remedy risks becoming ineffectual before a merits ruling. This is a due-process concern and a threat to meaningful habeas relief, not a concession that any claim is already moot. Petitioner requests an expedited merits recommendation and prompt district-judge decision on a short schedule.

**The relief requested addresses each Winter factor**

Petitioner objects that his asserted injury is present loss of an already-open placement window under his accounting theory, not merely a possible future loss during litigation. The loss runs from the calculated placement date and increases each day. A later judgment cannot restore those days in community custody. The low-risk placement recommendation supplies individualized supporting evidence. He requests a finding on the dated calculation and each remaining eligibility condition; he does not equate an eligibility window with an unconditional six- or twelve-month placement award. He specifically objects to ECF 19 at 7–9 for treating the injury as only a possible future reduction in prerelease time without resolving his already-elapsed

window calculation. The district judge should determine the contested accounting and conditions promptly. His medical and institutional-access allegations add urgency.

The equities and public interest favor accurate statutory calculation and a short return confined to existing records, while allowing Respondent to identify any genuine impediment. Petitioner acknowledges the heightened concern about mandatory preliminary transfer identified at ECF 19 at 7. He therefore requests a narrow accounting order and expedited merits determination first, with provisional transfer only if the evidence satisfies all Winter requirements. This separates record development from an immediate mandatory placement order.

**Requested disposition**

Petitioner requests that the district judge review the specified findings de novo; receive the accompanying declaration and reply; require the narrowly identified supplemental accounting within three days or another short period; and resolve the pending computation claims promptly. He requests modification of ECF 19 to preserve that narrower relief, and enforcement of mandatory FSA transfer if the resulting evidence establishes all statutory conditions. He submits the merits reply now rather than asking the Court to wait for expiration of an unused sixty-day reply period. These objections do not seek default relief from elapsed time or reopen production merely because a response was not previously docketed separately.

Dated October 13, 2026.
Respectfully submitted,
Signature: ______________________________

Robert Rivernider, Petitioner pro se
Register No. 96006-004
FCI Beckley Satellite Camp
P.O. Box 350
Beaver, WV 25813

**Certificate of service**

I certify that on 10-13-2026, at my direction, a true and correct copy of this document was mailed through outside assistance by first-class United States mail, postage prepaid, to counsel for Respondent at:

Seth Frederick
Assistant United States Attorney
United States Attorney's Office
300 Virginia Street East, Room 4000
Charleston, WV 25301

Signature: ____________________

Robert Rivernider, Petitioner pro se