FILED
NOV 20 2026
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

ROBERT RIVERNIDER, Petitioner,
v.
WARDEN, FCI BECKLEY SATELLITE CAMP, Respondent.

**Civil Action No. 5:26-cv-00459**

# EMERGENCY MOTION TO SUPPLEMENT AND FOR IMMEDIATE HABEAS RELIEF

I filed this petition on July 13, 2026, challenging the Bureau of Prisons' (BOP) calculation of my time in prison. More than four months have passed. My claimed home-confinement date of October 12, 2026, has passed. I contend that my continued confinement at FCI Beckley is unlawful and request an immediate ruling and transfer if the statutory requirements are met. I move for leave to supplement the pending petition with the facts in the attached declaration under 28 U.S.C. § 2243 and, to the extent applicable, Fed. R. Civ. P. 15(d).

## The Court Should Act Now on the Custody Challenge

Habeas requires the custodian to justify the challenged detention. Section 2243 sets a three-day period for the custodian's return after issuance of the writ or show-cause order, subject to additional time for good cause. It directs summary determination and provides for production of the petitioner at a hearing when factual issues are presented. Respondent has already answered on the computation. I request a ruling now, or a verified supplemental return within three days of the Court's order and an expedited hearing if needed.

## BOP Must Document the Rate and Transfer Date

October 12 is my claimed transfer date under the following calculation. Starting with BOP's February 23, 2028 projected good-conduct-time release date, I subtract 390 projected First Step Act (FSA) days and the 109-day Second Chance Act (SCA) home-confinement figure in BOP's

assessment. The 390 assumes the 15-day rate throughout, 26 qualifying 30-day periods after the seven excluded program days, and upfront application of those projected credits. The October date depends on the higher rate, the requested application method, and statutory transfer eligibility. See 18 U.S.C. §§ 3632(d)(4)(A), (C), 3624(c)(2), (g).

Restoring the 41 disallowed GCT days moves the February 23, 2028 baseline to January 13, 2028. Holding 390 FSA days and 109 SCA days fixed yields September 1, 2026, before the reported September 10 incident. Under that scenario I would already have been on home confinement when the incident at Beckley allegedly occurred. Recomputing the projection through the earlier GCT date instead yields 375 FSA days and a September 16, 2026 transfer date under the same upfront method. I ask the Court to decide whether I was due for transfer before September 10 based on the lawful computation, including any earlier credits the Court finds available.

The October 3 assessment reports 90 earned FSA days and shows a factor of 10 for the periods it itemizes. Respondent used a conditional total of 190 FSA days and 150 SCA placement days to produce a March 20, 2027 community-transition date. The same assessment shows April 30, 2027 as a conditional home-confinement date. See ECF No. 28 at 5–6 and ECF No. 28-1 at 7–8. The calculation supplied to the Court leaves the projected earning rates unexplained. At issue is when the second qualifying assessment occurred, what my second team meeting recorded, and whether BOP entered and applied the higher rate from the proper date.

Case Manager Ball first said the five-day increase starts at sentencing. He later said it was included in the March date, expressed uncertainty, and said the higher rate starts after six months at Beckley. The published earning rule ties the increase to qualifying assessments. A separate policy sets 90- or 180-day reassessment intervals. Require BOP to identify the controlling

provision and reconcile it with my second team report and credit ledger. See 28 C.F.R. § 523.42(c) and BOP Program Statements 5410.01 CN-2 § 6 and 5321.10 § 3.2.

BOP already revised its commencement date in this case after the September 30, 2026 rule removed the designated-facility arrival requirement from the calculation of when earning may begin. See ECF No. 28 at 3–4 and 91 Fed. Reg. 55740, 55740–41, 55743 (Aug. 31, 2026). That correction and Ball's conflicting explanations warrant a verified calculation based on the actual records. GAO found that 16,083 of 29,934 people in its reviewed cohort remained in BOP facilities at year-end even though their FSA credits could have supported transfer. GAO-26-107268, fig. 13 & app. I (Jan. 2026).

**The Region Has Not Answered the Computation Appeal**

Counselor Bowyer confirmed that both of my BP-10 appeals were logged in BOP's computer on September 15, 2026. The 30-day response deadline was October 15. A full 30-day extension would have run through November 14. I have received neither a decision on either appeal nor written notice of an extension under 28 C.F.R. § 542.18. The rule allows treatment of silence as a denial at the regional level. I ask the Court to require the remedy log and promptly decide whether any remaining exhaustion should be excused given the agency's silence and the loss of claimed home-confinement time. See McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004).

I have a history of a heart attack and open-heart surgery. As of this supplement, I still have not seen a cardiologist or received prescription medication for my heart. Continued confinement at Beckley has delayed access to cardiac care and increases the urgency of deciding my custody claim.

**Relief Requested**

Grant leave to file this supplement and decide the petition on an expedited basis. If further evidence is needed, order the Warden to verify the assessment dates, rates, projected awards and earliest lawful placement date, and identify the legal basis for keeping me in prison. Order immediate transfer if due or direct BOP to correct the computation and promptly decide and implement lawful placement. I preserve my pending arguments concerning unified sentence accounting, historical credits, disciplinary deductions, lack of further supervised release, and administrative remedies. If the corrected sentence has expired, I request discharge.

Respectfully submitted,

Date: 11/16/2026

Robert Rivernider, Petitioner pro se
Register No. 96006-004
FCI Beckley Satellite Camp
P.O. Box 350
Beaver, WV 25813

**Declaration of Robert Rivernider**

I am the petitioner and am confined at FCI Beckley Satellite Camp. On November 10, 2026, Case Manager Ball told me in substance that the additional five days start at sentencing and directed me to file a BP-8 about the dates. I told him I believed the process could take months and that I believed I should already have been transferred.

On November 16, 2026, Ball told me in substance that the extra five days were included in the March date. He expressed uncertainty and said the date could change. He also said the additional five days begin after six months at the facility and said this was in the policy statement. I have been unable to locate that requirement in the time-credit program statement.

Counselor Bowyer confirmed to me that both BP-10 appeals were logged in BOP's computer on September 15, 2026. As of November 16, I have received neither a regional decision on either appeal nor written notice of an extension. I still have not seen a cardiologist or received prescription medication for my heart.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on 11/16/2026.

Robert H. Rivernider (signature)

Robert Rivernider

**Certificate of Service**

I certify that on November 16, 2026, I deposited a copy of this motion and declaration in the institution's mail system, first-class postage prepaid, addressed to the following.

Seth Frederick, Assistant United States Attorney
United States Attorney's Office
300 Virginia Street East, Room 4000
Charleston, WV 25301

Robert H. Rivernider (signature)

Robert Rivernider